Karen Louise KRESS
and Louis David Kress,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4413)

Karen L. Kress and Louis D. Kress, Plaintiffs (taxpayers), filed a response *pro se.*

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered January 5, 2001.

**CARL N. BYERS, Judge.**

Plaintiffs (taxpayers) appeal from a magistrate Decision upholding adjustments to taxpayers' 1995 income tax

return. The parties have stipulated the facts and submitted the matter for decision in the Regular Division on Defendant's motion for summary judgment. The court will discuss the facts and its resolution of each of the three issues separately.

*First Issue*

May an installment payment of estate taxes paid by a beneficiary be deducted by that beneficiary?

■ The stipulated facts indicate that the estate of Edward Kress elected to pay its estate taxes in installments. In 1994 and 1995, Louis Kress (Louis) paid two of the installments and claimed the amount of taxes paid as deductions on his Oregon income tax returns for those years. Defendant Department of Revenue (the department) denied the deductions because estate taxes are not deductible. The general rule, found in Internal Revenue Code (IRC) section 275, is that estate taxes are not deductible. However, if the value of the estate included income in respect of a decedent, that portion of the estate taxes representing or attributable to the income in respect of a decedent would be deductible. Here, taxpayer did not make such a claim. Therefore the department's adjustment is correct.

*Second Issue*

Are expenses incurred in taking the Oregon State Bar Examination deductible?

In 1995, Louis incurred expenses for the purpose of taking the Oregon State Bar Examination in the form of travel, food, testing fee, and finger printing. Taxpayers claimed those expenses as ordinary deductible expenses.

■ Taxpayers contend that as a professional trustee, it is "necessary and customary" to be an active member of a state bar. Louis is an inactive member of the California Bar. Taxpayers do not explain why Louis could not simply activate his membership in the California Bar. Regardless of the reasons Louis wants to become a member of the Oregon Bar, becoming a member of the Oregon State Bar qualifies him for a new business. Such expenses are not deductible but must be capitalized. *Sharon v. Commissioner*, 66 TC 515 (1976);

*Vannier v. Commissioner*, 74 TCM (CCH) 315; Treas Reg § 1.212-1(f).

*Third Issue*

Whether taxpayers' claimed business start-up expenses are deductible in 1995?

Louis and a partner purchased one llama in 1988 with the intent to develop a herd and engage in the business of raising and selling llamas. Louis and his partner subsequently acquired more llamas, some of which died. In 1995, Louis and his partner attempted to sell their first llama. The expenses of raising the llamas from 1988 to 1995, including the cost of those that died, had been accrued. All of such accrued expenses were deducted by Louis in 1995.

■ Ordinary and necessary expenses are deductible only if incurred in a trade or business. Louis repeatedly asserts in the Complaint that he was not engaged in business until 1995. Louis views the expenses involved as start-up expenses. Generally, expenses of preparing to engage in business must be capitalized as part of the cost of that business. Such expenses can be recovered through depreciation if appropriate.

■ IRC § 195 provides for amortizing some "start-up expenses," but the amortization must take place over not less than a 60-month period. Moreover, to amortize such expenses, the taxpayer must elect to do so by attaching a statement to that effect to the taxpayer's return. Louis did not make that election. Also, the taxpayer must actually engage in business. Here, the evidence that Louis and his partner attempted to sell a llama is insufficient evidence that they engaged in business. Based on the pleadings and the stipulated facts, the court finds that the subject expenses were not deductible in 1995.

In view of the above findings and holdings, the court finds that the department's adjustments must be upheld. Now, therefore,

IT IS ORDERED that Defendant's motion for summary judgment is granted. Costs to neither party.